IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
2004 DEC 28 PM 1:15
CLERK
U.S. DISTRICT COURT

DOCKETED
DEC 2 8 2004

MELISSA GARRETT,
    Plaintiff,

v.

RENTGROW, INC. and
APARTMENT INVESTMENT AND
MANAGEMENT COMPANY,
    Defendants.

**04C 8309**

JURY TRIAL DEMANDED

JUDGE MARKOVITZ

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

### COMPLAINT

Plaintiff complain of defendants, stating:

### THE PARTIES

1. Plaintiff, Melissa Garrett, is a natural person who at all relevant times resided in Cook County, Illinois.

2. Defendant, RentGrow, Inc. is, on information and belief, a corporation that at all relevant times engaged in tenant screening for owners and/or managers of multifamily apartment buildings, including screening for the owner/manager of at least one multifamily apartment building located in Cook County, Illinois.

3. Defendant, Apartment Investment and Management Company, a/k/a AIMCO, is on information and belief, a real estate investment trust, and is the largest or one of the largest publicly traded owner/operators of apartment properties in the United States. At least one of its properties is located in Cook County, Illinois.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1681p (Fair Credit Reporting Act) and 28 U.S.C. §1367 (supplemental jurisdiction).

1-1

5. The wrongful conduct complained of occurred in Cook County, Illinois.

## FACTS

6. At all relevant times AIMCO managed, and may also have owned, an apartment complex commonly known as Continental Plaza Apartments (hereafter "Continental"), with a home office address of 1330 West 76th Street, Chicago, Illinois.

7. At all relevant times Continental was a federally subsidized apartment complex, with units receiving federal rental assistance.

8. At all relevant times the management of Continental subscribed to and utilized the services of RentGrow for tenant screening purposes.

9. Plaintiff had applied for and was on the waiting list for an apartment at Continental.

10. Securing an apartment at Continental was particularly important for Plaintiff because the federal rental assistance flowing to Continental's units made them far more affordable than units charging full-market rents.

11. By moving into a rent-subsidized Continental apartment, Plaintiff expected to save money on her rent and utility expenses, as compared to the expenses in the apartment in which she was then living.

12. By moving into a rent-subsidized Continental apartment, Plaintiff expected to secure an apartment that was in a building that had better living conditions, better security, and better maintenance that the apartment in which she was then living.

13. By a letter dated August 5, 2003, the management of Continental informed Plaintiff that her application for an apartment had been pulled from the waiting list and she should come in to complete the application process.

2

14. Plaintiff came in and completed the application process.

15. The management of Continental obtained a report from RentGrow regarding Plaintiff.

16. The report incorrectly stated that Plaintiff had an eviction judgment entered against her in Kankakee, Illinois, in December 2002.

17. The management of Continental denied Plaintiff's apartment application via letter to her dated August 20, 2003.

18. The reason given by the management of Continental for the apartment application denial was "previous landlord history".

19. Plaintiff contacted the management of Continental after receiving the denial letter, and was told by a representative that the "previous landlord history" for which her application was denied was solely the eviction judgment entered in Kankakee, Illinois in December 20, 2002.

20. Plaintiff never resided at the property listed in the Kankakee case, nor was she ever sued for eviction from that property.

21. Plaintiff was residing at an address in Chicago for several years, including the period in late 2002 for which the Kankakee property owner was suing, and she had been paying rent at her Chicago address for that period.

22. Plaintiff provided RentGrow with evidence that she resided in Chicago in late 2002.

23. Plaintiff sought to have the incorrect information in the report reinvestigated and corrected by RentGrow.

24. Despite Plaintiff's efforts, RentGrow did not change its report on Plaintiff.

25. The management of Continental continued to rely on the incorrect information in the RentGrow report to deny Plaintiff an apartment.

26. Plaintiff was unable to obtain an apartment at the Continental apartment complex.

27. Plaintiff's inability to obtain an apartment at the Continental apartment complex was solely due to the inaccurate information which RentGrow provided to Continental

28. In addition to the lost opportunity afforded by a Continental apartment that she was unable to obtain as a result of the incorrect information on the RentGrow report, Plaintiff has experienced severe emotional distress, including anger, embarrassment and humiliation at being denied an apartment solely because of erroneous information.

## CAUSES OF ACTION

### COUNT I

### FAIR CREDIT REPORTING ACT VIOLATION

### AGAINST RENTGROW, INC.

29. Plaintiff realleges and incorporates by reference ¶¶1-28.

30. The report, which RentGrow provided to the management of Continental, was a "consumer report" as the Fair Credit Reporting Act defines the term.

31. RentGrow is a "consumer reporting agency" as the Fair Credit Reporting Act defines the term.

32. Prior to providing the report about Plaintiff to Continental, RentGrow failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, in violation of the Fair Credit Reporting Act.

33. After being notified that Plaintiff disputed the accuracy of the report, RentGrow failed to notify Plaintiff whether it ever conducted a reinvestigation of the disputed information, in violation of the Fair Credit Reporting Act.

34. After being notified that Plaintiff disputed the accuracy of the report, RentGrow failed to conduct a reinvestigation of the disputed information and failed to delete the information from Plaintiff's file, in violation of the Fair Credit Reporting Act.

35. RentGrow failed to follow reasonable procedures to prevent the reappearance of the disputed information in Plaintiff's file, in violation of the Fair Credit Reporting Act.

36. RentGrow's violations of the Fair Credit Reporting Act were willful and/or negligent, subjecting RentGrow to civil liability to Plaintiff under the Fair Credit Reporting Act, 15 U.S.C. §1681n and 15 U.S.C. §1681o.

Wherefore, Plaintiff prays for judgment against RentGrow, Inc. and for recovery of actual damages, punitive damages, statutory damages, interest, costs, attorneys fees, and such other relief as is just and necessary.

## COUNT II

## ILLINOIS CONSUMER FRAUD ACT

## AGAINST RENTGROW, INC.

37. Plaintiff realleges and incorporates by reference ¶¶1-28.

38. RentGrow committed an unfair practice by failing to reinvestigate the information after receiving notice from Plaintiff that she disputed the incorrect information.

39. RentGrow committed an unfair practice by failing to correct the erroneous information after Plaintiff had demonstrated that the information was erroneous.

40. RentGrow's unfair practices violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2.

Wherefore, Plaintiff prays for judgment against RentGrow, Inc. and for recovery of actual damages, punitive damages, statutory damages, interest, costs, attorneys fees, and such other relief as is just and necessary.

## COUNT III

## ILLINOIS CONSUMER FRAUD ACT

## AGAINST AIMCO

41. Plaintiff realleges and incorporates by reference ¶¶1-28.

42. AIMCO committed an unfair practice by refusing to re-examine or reverse its denial of Plaintiff's application, after Plaintiff demonstrated that the sole basis for the denial was information that was inaccurate.

43. AIMCO's unfair practices violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2.

Wherefore, Plaintiff pray for judgment against AIMCO and for recovery of actual damages, punitive damages, interest, costs, attorneys fees, and such other relief as is just and necessary.

## JURY DEMAND

44. Plaintiff demands trial by jury.

/s/ _____
Attorney for Plaintiff

Jonathan Nachsin
Jonathan Nachsin, P.C.
105 West Adams Street
Suite 3000
Chicago, IL 60603
(312) 327-1777

6



**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

**DOCKETED
DEC 28 2004**

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the Northern District of Illinois.

---

**Plaintiff(s):** MELISSA GARRETT

County of Residence: COOK

Plaintiff's Atty: JONATHAN NACHSIN
JONATHAN NACHSIN, P.C.
105 W. ADAMS STREET #3000,
CHICAGO, IL 60603
312/327-1777

**Defendant(s):** RENTGROW, INC. and APARTMENT INVESTMENT AND MANAGEMENT COMPANY

County of Residence:

Defendant's Atty:

**04C 8309**

**JUDGE MAROVICH**

**MAGISTRATE JUDGE
GERALDINE SOAT BROWN**

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties**
(Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

**IV. Origin :** 1. Original Proceeding

**V. Nature of Suit:** 890 Other Statutory Actions

**VI. Cause of Action:** violation of Fair Credit Reporting Act for failure to comply with statutory obligations of consumer reporting agency

**VII. Requested in Complaint**
Class Action: No
Dollar Demand:
Jury Demand: Yes

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: 12/28/04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
DEC 28 2004

In the Matter of

MELISSA GARRETT
V.
RENTGROW, INC. and APARTMENT INVESTMENT
AND MANAGEMENT COMPANY

Case Number: **04C 8309**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MELISSA GARRETT

JUDGE [illegible] OVICH
MAGISTRATE JUDGE
GERALDINE SOAT BROWN

| (A) | (B) |
|---|---|
| SIGNATURE /s/ | SIGNATURE |
| NAME JONATHAN NACHSIN | NAME |
| FIRM JONATHAN NACHSIN, P.C. | FIRM |
| STREET ADDRESS 105 WEST ADAMS STREET #3000 | STREET ADDRESS |
| CITY/STATE/ZIP CHICAGO, IL 60603 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 312/327-1777  FAX NUMBER 312/431-1456 | TELEPHONE NUMBER  FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6191376 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER  FAX NUMBER | TELEPHONE NUMBER  FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

FILED
2004 DEC 28 PM 1:15
U.S. DISTRICT
CLERK
DISTRICT COURT